UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCOS CALCANO,

                    Plaintiff,

           -against-

DUDE PRODUCTS, LLC,

                    Defendant.

25-CV-10665 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

It is hereby ORDERED that, within thirty (30) days of service of the summons and complaint upon Defendant, the parties must meet and confer for at least one hour in a good-faith attempt to settle this action. In their discussions, the parties should consider whether Plaintiff has satisfied the threshold requirement of standing. *See e.g.*, *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 77–78 (2d Cir. 2022); *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443–44 (2d Cir. 2022). The parties should also consider whether the website at issue in the action is a "standalone website," (*i.e.*, a website for a business without a physical location), which some courts in this District have held is not a "place of public accommodation" under the meaning of the Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* *See, e.g.*, *Mejia v. High Brew Coffee Inc.*, No. 22-CV-03667 (LTS), 2024 WL 4350912 (S.D.N.Y. Sept. 30, 2024); *Sookul v. Fresh Clean Threads, Inc.*, No. 23-CV-10164 (GHW), 2024 WL 4499206 (S.D.N.Y. Oct. 16, 2024).

To the extent the parties are unable to settle the case themselves, they must also discuss whether further settlement discussions through the district's court-annexed mediation program or before a magistrate judge would be productive at this time.

It is FURTHER ORDERED that within fifteen (15) additional days (*i.e.*, within forty-five (45) days of service of the summons and complaint), the parties must submit a joint letter informing the Court whether the parties have settled. If the parties do not reach a settlement, the parties shall in the joint letter request that the Court either (1) refer the case to mediation or to a Magistrate Judge for a settlement conference (and indicate a preference between the two options), or (2) proceed with an initial status conference. The letter shall also indicate whether Defendant intends to answer or move to dismiss the complaint. If Defendant intends to move to dismiss, the letter shall briefly (in no more than one paragraph) set forth Defendant's basis for its anticipated motion.

The deadline for Defendant to answer or otherwise respond to the complaint is STAYED pending the submission of the joint letter. After the parties file the letter, the Court will enter an order setting a deadline for Defendant to answer or setting a briefing schedule for the motion to dismiss.

**Counsel who have entered a notice of appearance as of the issuance of this Order are directed (1) to notify counsel for all other parties in this action who have not yet appeared**

**by serving upon each of them a copy of this order and the Court's Individual Rules & Practices ("Individual Rules"), available at https://nysd.uscourts.gov/hon-margaret-m-garnett, forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Individual Rules to that party personally.

Dated:  December 30, 2025
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge